UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBENSON LAFONTANT,**<br>　Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2536** |
| **COOLIDGE-CLK ST. GERMANE, LLC.,**<br>ET AL.,<br>　Defendants | **SECTION: "E" (4)** |

**ORDER AND REASONS**

The Court ordered Pius A. Obioha, counsel for Plaintiff Robenson Lafontant ("Plaintiff"), to appear to show cause as to why he should not be sanctioned for his failure to comply with Federal Rule of Civil Procedure 11(b)(2). Specifically, Mr. Obioha signed and filed a Memorandum in Opposition[1] to a Motion for Partial Summary Judgment[2] filed by Defendants Coolidge-CLK St. Germaine, LLC, Coolidge-CLK St. Germaine Realty Corp., and CLK Multifamily Management, LLC (collectively, "Defendants"), without verifying the accuracy of citations contained in the memorandum. Mr. Obioha appeared before the Court on Thursday, October 2, 2025, at 2:00 p.m.[3]

**BACKGROUND**

On July 23, 2025, Mr. Obioha, on behalf of Plaintiff, signed and filed an opposition to Defendants' Motion for Partial Summary Judgment.[4] On July 30, 2025, Defendants filed a Motion to Strike Plaintiff's Opposition to their Motion for Partial Summary Judgment.[5] In this motion, Defendants identified citations in Plaintiff's Opposition to cases that do not exist or contain statements of law that do not appear in the opinions

---

[1] R. Doc. 27.
[2] R. Doc. 23.
[3] R. Doc. 47.
[4] R. Doc. 27.
[5] R. Doc. 31.

1

cited. These citations include *Miller v. Housing Authority of New Orleans*[6] and Boudreaux v. Boudreaux.[7]

Mr. Obioha cited *Miller v. Housing Authority of New Orleans* for the proposition that a tenant may "assert constructive eviction or damages" when a landlord's breach renders the premises unsafe or unfit for habitation.[8] However, neither Defendants nor the Court were able to locate this case. The court did locate a case by the name of *Miller v. Housing Authority of New Orleans*[9] from the 1960s, but this case does not pertain to constructive eviction or eviction. A search of the volume number, reporter abbreviation, and page numbers cited by Plaintiff directs the court to *Rosen v. State ex rel. Department of Transportation and Development*,[10] which also does not discuss eviction. Mr. Obioha further cites this non-existent case to support the assertion that a tenant is not obligated to pay rent if a landlord fails to deliver a habitable dwelling.[11] However, this statement directly contradicts the actual law.[12]

In addition, Mr. Obioha cited *Boudreaux v. Boudreaux* for the proposition that continued occupancy under protest does not waive claims for wrongful eviction where conditions are uninhabitable and that tenants may sue for damages without undertaking repairs.[13] However, that case actually addresses whether a principal was a statutory employer and has no relation to landlord/tenant law.[14]

---

[6] 2001-2579, 809 So.2d 507, 511 (La. App. 4 Cir. 2/6/02)
[7] 369 So. 2d 1117 (La. App. 1 Cir. 1979).
[8] R. Doc. 27 at p. 2.
[9] 249 La. 623, 190 So. 2d 75 (1966).
[10] 2001-0499, 809 So. 2d 498 (La. App. 4 Cir. 1/30/02).
[11] R. Doc. 27 at p. 3.
[12] *Davilla v. Jones*, 436 So. 2d 507 (La. 1983) ("A lessee may not anticipate refusal or neglect to make the repairs or withhold rent to apply economic pressure on a lessor."); *see also*, *New Hope Gardens, Ltd. V. Lattin*, 530 So.2d 1207, 1210 (La. App. 2 Cir. 1988), *NOLA East, LLC v. Sims*, 2018-0623 (La. App. 4 Cir. 02/13/19); 265 So. 3d 1147, 1153 ("Louisiana law does not permit him to retain possession of the apartment rent-free without availing himself of these codal remedies.").
[13] R. Doc. 27 at pp. 2, 4.
[14] *Boudreaux*, 369 So. 2d at 1118.

On August 26, 2025, the Court issued an order setting oral argument on Defendants' Motion for Partial Summary Judgment and directed Mr. Obioha to be prepared to discuss the source of the improper citations.[15] On September 4, 2025, the Court held oral argument on Defendants' Motion to Dismiss.[16] At the oral argument, Mr. Obioha made an appearance for Plaintiff.[17] After argument, the Court placed Mr. Obioha under oath and questioned him regarding the source of the citations at issue.[18] Mr. Obioha informed the court that a law clerk prepared a first draft of the memorandum and that he delegated the review of the draft to another lawyer. He further admitted that although he signed the brief, he did not check the accuracy of the cases cited.

On September 5, 2025, the Court ordered Mr. Obioha to "appear on Thursday, October 2, 2025, at 2:00 p.m., and show cause as to why he should not be sanctioned for his failure to comply with Federal Rule of Civil Procedure 11(b)(2)."[19] On October 1, 2025, Mr. Obioha filed a response to that Order.[20]

In his response, Mr. Obioha stated that the Opposition at issue was prepared by one of his associates and reviewed and edited by a second associate.[21] He further represented that he reviewed the first draft of the memorandum but did not review the final draft, which was ultimately filed.[22]

Mr. Obioha also argues his conduct is distinguishable from that addressed by this Court in *Nora v. M & A Transport*,[23] in which counsel was sanctioned for filing a motion

---

[15] R. Doc. 41.
[16] R. Doc. 28.
[17] R. Doc. 46.
[18] *Id.*
[19] R. Doc. 47.
[20] R. Doc. 52
[21] *Id.* at p. 4.
[22] *Id.*
[23] 25-1015, 2025 WL 2337132 (E.D. La. Aug. 13, 2025).

3

containing three inaccurate citations and misrepresenting their source to the Court. In *Nora*, the Court imposed a $1,000 sanction, required the attorney to attend CLE on AI, and referred her to the disciplinary committee of the Eastern District of Louisiana.[24] Mr. Obioha argues that his conduct warrants a less severe sanction than that imposed in *Nora* as he immediately accepted responsibility for the improper citations.[25]

On October 2, 2025, the Court held a show cause hearing for Mr. Obioha.[26]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 11 governs the signing of pleadings, motions, and other papers, representations to the Court, and sanctions. Rule 11(b) states that

> (b) By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances
>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.[27]

Pursuant to Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Pursuant to Rule 11(c)(3), "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."[28] Pursuant to Rule 11(5)(B), "[t]he court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) before

---

[24] *Id.*
[25] R. Doc. 52 at p. 5.
[26] R. Doc. 52.
[27] FED. R. CIV. P. 11(b)(2).
[28] *Id.* at (c)(3).

4

voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned."[29]

## LAW AND ANALYSIS

Before sanctioning an attorney, the Court must comply with the mandates of due process which demand that the party subject to potential sanctions receive notice and an opportunity to be heard.[30] The Court ordered Mr. Obioha into Court on October 2, 2025, to show cause why he should not be sanctioned.[31] The Court provided Mr. Obioha notice and an opportunity to be heard.

The Court finds Mr. Obioha's conduct is in violation of Rule 11(b)(2). In determining whether an attorney has complied with Rule 11, courts apply "an objective, not a subjective, standard of reasonableness."[32] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."[33] "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely."[34]

Mr. Obioha signed and filed Plaintiffs' Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment[35] without verifying the accuracy of citations in his brief. Mr. Obioha violated Rule 11(b)(2) by citing to a fabricated, AI-generated case without confirming the accuracy, or even the existence, of the case.[36] He also violated Rule

---

[29] *Id.* at (5)(B).
[30] *Id.* at (c).
[31] R. Doc. 47.
[32] *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc)).
[33] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).
[34] *Gauthier v. Goodyear Tire & Rubber Co.*, No. 23-00281, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024) (first quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024); then citing *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)).
[35] R. Doc. 27.
[36] *Id.* at pp. 2, 3.

11(b)(2) by representing that a case contained certain holdings when it did not.[37] Mr. Obioha admitted these violations of Rule 11 at the show cause hearing held on October 2, 2025.

The Court rejects Mr. Obioha's contention that his personal history and remorse justify his conduct. While these factors are relevant to the severity of the sanction, they do not excuse Mr. Obioha's conduct or eliminate the need for a sanction to promote respect for the Court and deter repetition. The Court, however, does commend Mr. Obioha's candor and sincerity. The Court has considered these mitigating factors in the imposition of the sanction.

Accordingly,

**IT IS ORDERED** that Pius A. Obioha is personally **SANCTIONED** for his conduct in this case in the amount of $1,000.[38] This amount must be paid by Mr. Obioha *personally* and may not be paid by his law firm or the Plaintiff.

**IT IS FURTHER ORDERED** that the sanction is to be paid by **Monday, November 3, 2025,** at **5:00 p.m.** to:

> Clerk, United States District Court
> Eastern District of Louisiana
> 500 Poydras Street, Room C151
> New Orleans, Louisiana 70130

**IT IS FURTHER ORDERED** that Mr. Obioha must also attend 1 hour of Continuing Legal Education on the topic of generative AI by January 31, 2026. Mr. Obioha must file proof he attended this 1 hour of Continuing Legal Education with the court by January 31, 2026.

---

[37] *Id.* at pp. 2, 4.
[38] The Court may impose a monetary sanction pursuant to Rule 11(5)(B), as it issued the show cause order before the voluntary dismissal or settlement of the claims in this case.

**IT IS FURTHER ORDERED** that Mr. Obioha is **REFERRED** to the Disciplinary Committee of the United States District Court for the Eastern District of Louisiana in accordance with the Eastern District's Rules for Lawyer Disciplinary Enforcement.

New Orleans, Louisiana, this 2nd day of October, 2025.

                                                **SUSIE MORGAN**
                                  **UNITED STATES DISTRICT JUDGE**